## CIRCUIT COURT OF STAFFORD COUNTY

Johnny D. Stroud

    v.

Richard Eddie Robertson

May 7, 1986

By JUDGE JOHN A. JAMISON

This is in response to the motion of the defendant, Richard Eddie Robertson, to set aside the verdict or in the alternative to grant a remittitur of damages.

Mr. Braxton gives four grounds as the bases for his motion. Ground No. 1 is an allegedly improper voir dire. He states that Mrs. Stroud was not present when the trial began because her psychologist and neurologist felt that her participation in the proceeding should be as limited as possible.

As Mr. Harris states, the only rule requiring that the defendant be present at each stage of the proceeding applies only to criminal cases. Cases are numerous in which the plaintiff is in such a disabled state that he or she could not appear at trial. The same is true of a decedent who must be represented by the personal representative. I feel that the only basis for such a requirement is a constitutional one and would apply only in criminal cases. Thus, it appears that this ground is without merit, especially with respect to the voir dire. I can find no authority to indicate that a party in a civil case must be present during voir dire or at any other stage of the trial, and Mr. Braxton cites none.

With respect to Ground No. 2, prejudicial trial actions, it is felt that even though the propriety of the questions by Mr. Harris which Mr. Braxton complained of were close to being improper, I felt that within the context of the testimony, the admonition by the court

to the jury to disregard the question in the first instance and the question and response in the second instance, were sufficient. The jury was a highly intelligent group and I had no concern that any jury person could not accept such instruction from the court. I do not believe that there was any blatant violation of the "Insurance Rule" as would justify a mistrial resulting from that particular question. Mr. Harris's reasoning on pages 4 and 5 of his brief strike me as being a logical response to Mr. Braxton's objection and his motion based on this ground. Accordingly, I am of the opinion that the second ground is not a valid one.

Regarding Ground No. 3 concerning the video taped deposition of Dr. Lucey, I can only cite Rule 4:7 which it appears clearly applies in this instance. "Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted or *otherwise dealt with*. . . under Rules 4:5 and 4:6, are waived unless a motion to suppress the deposition is made with reasonable promptness." [Italics mine.]

It was clear from the testimony that the elements required to justify the award of punitive damages were present. This was mainly due to the defendant's wanton disregard of public safety, not only with the excessive use of alcohol prior to driving but also, and quite important, his notice that the truck he was driving on a busy highway had defective brakes. It is unusual but true that the defendant said he knew he should not have been driving. He further admitted that he took his eyes off the road when he passed the Shell Station to observe some friends by the side of the road. There was a location on the side of the road where he could have stopped and discontinued his operation of the vehicle. He was driving at a time when all of these adverse circumstances were present and when he had full knowledge of them.

The punitive damages of $5,000.00, under all of these circumstances, were not in my opinion undeserved. Accordingly, the defendant's motion to set aside the verdict or to grant a remittitur will be denied and judgment for compensatory and punitive damages as called for in the verdict will be entered with interest from date of verdict.